on being ready to commence *work in the capacity of an engi-* *neer for building one or more steam-engines, and to attend to the casting, erecting and putting the said engine or engines in complete operation.*

We think the District Court erred in disallowing the plea of prescription. The plaintiff was a workman; and his claim was barred by the lapse of one year.—*Civil Code,* 3499. He was not, as his counsel contends, an overseer.— *Id.* 3503.

From the plaintiff's acknowledgments in his letter on record, it appears that his work was unskilfully performed; from his want of attention and skill; and we do not think that the circumstance of the agreement providing that he should be guided by the defendants, can repel their claim on account of the insufficiency of his work.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be annulled, avoided, and reversed, and the case remanded, for the purpose of ascertaining the amount of the defendants' claim on the reconvention; the plaintiff and appellee paying costs in this court.

*Eastern District,*
*May 1831*

NICHOLS
*vs*
HANSE & HEPP.

The prescription applicable to overseers does not apply to an agent employed in superintending the construction of a steam engine.—— This action is barred by the prescription of one year.

Unskilfulness in the agent is not excused by a contract on which it was stipulated he was to be governed by the directions of the principal.

---

*SAME vs. SAME.*

**APPEAL FROM THE COURT OF THE FIRST DISTRICT,**

If a claim be barred by prescription, it still may be offered by way of exception.

*Martin, J.,* delivered the opinion of the court.

This case was lately remanded to the District Court, with instructions to ascertain the amount of damages due to the defendants on their claim in reconvention. They have been assessed at $6050 81; from this sum he has deducted $612 79; admitted by the defendants to be due him, and given judgment for $5438 02, and decreed the defective engine to be returned to the plaintiff.

V 2

Eastern District,
*May* 1831.

NICHOLS
*vs.*
HANSE & HEPP.

If a claim be
barred by prescrip-
tion it still may be
offered by way of
exception.

The plaintiff has claimed wages as a set-off or a compensation against the claim in reconvention; although he has made no claim for these wages, and his action for them is barred by prescription, yet he may successfully plead them in compensation. *Quæ temporalia sunt ad petendum, perpetua sunt ad excipiendum.* But the defendants have urged the plaintiff performed his work so unskilfully, that he earned no wages. The District Judge has given as damages that sum which the witnesses judge it would cost to have a perfect and new engine, of the powers and dimensions of the defective one. On this score the plaintiff is entitled to his wages; they amount, with his board, to $1714 19; which reduces the claim in reconvention to $3723 83.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be annulled, avoided, and reversed; and that the defendants have judgment for ($3723 83) three thousand seven hundred and twenty-three dollars and eighty-three cents; and that they restore to the plaintiff the defective engine, and a smaller one which they received in pledge; that they pay costs in the District Court, and the plaintiff in this.

---

*CHARBONNET vs. TOLEDANO.*

APPEAL FROM THE COURT OF THE PARISH AND CITY
OF NEW-ORLEANS.

The sole intention of the legislature in the article 3128, was to dispense with the service of the act of pledge required by the preceding article, in case of paper not negotiable.

This suit was brought to recover from the defendant a note of the plaintiff's which the latter had intrusted to Chauveau, a broker, to get discounted. It appeared from the evidence that Chauveau died suddenly, with the note in his possession, which was afterwards delivered to the defendant by Chauveau's widow. The defendant offered in evidence a